UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN HAE KWON, D.O.,
Captain, U.S. Army Reserve,

  Petitioner,

-vs-

Case No. 06-14825
Hon: AVERN COHN

SECRETARY OF THE ARMY,
Washington, D.C.; and
COMMANDED, 645th Area Support
Group, Army Reserve Center,
Southfield, Michigan

  Respondents.
_____/

## **MEMORANDUM**

On October 26, 2006, the Court from the bench denied petitioner's motion for a temporary restraining order enjoining respondents from ordering him to active duty in the U.S. Army, and reassigning him from Detroit, Michigan on reserve status to active duty at Fort Lewis, Tacoma, Washington. A stipulated order denying the motion was entered that same date. This Memorandum elaborates on the reasons stated on the record on October 26, 2006.

Petitioner based his motion on the fact that he has an application for discharge on the grounds he is a conscientious objector pending, and on which he has received a favorable recommendation from the investigating officer.

At the hearing the Court was advised by respondents' counsel that:

1

• the application is currently at a level where the commanding general at Fort Leonard Wood Missouri is reviewing it;

• the chaplain who interviewed petitioner found him to be insincere in his application;

• the commander of the Human Resources Command at Fort Leonard Wood found him to be insincere;

• action on the application has taken some time because of the complexity of the administrative process;

• the application must ultimately be acted on and decided by the Conscientious Objector Review Board;

• on active duty, petitioner will be serving as an anesthesiologist in an Army hospital, a duty not in conflict with his religious beliefs;

• petitioner will stay at the Army hospital performing anesthesiology duties pending the outcome of his petition;

The criteria for a temporary restraining order is generally the same as for a preliminary injunction. In considering the petitioner's motion the Court considered (while not articulated on the record) the following factors:

• whether petitioner has a strong likelihood of success on the merits;

• whether petitioner would suffer irreparable injury without the injunction;

• whether issuance of the injunction would cause substantial harm to others;

• whether the public interest would be served by the issuance of an injunction.

See Tumblebus, Inc. v. Cranmer, 399 F.3d 754 (6th Cir. 2005).

None of the four factors work in petitioner's favor. Petitioner's medical training

was paid for in large part by the Army.  When petitioner enlisted he affirmed he was not a conscientious objector.  Petitioner's duties while on active service pending decision on his application are in reality a form of alternative service.

Lastly, the order denying the motion for preliminary injunction while requiring petitioner to report, contains the following provision:

> Respondent shall assign petitioner to duties at Madigan Army Hospital as a staff anesthesiologist pending the outcome of petitioner's application for conscientious objector status and pending the outcome of this action, over which the court will retain jurisdiction.

      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 27, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 27, 2006, by electronic and/or ordinary mail.

      s/Julie Owens
Case Manager, (313) 234-5160

3