## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RYAN HAE KWON, D.O.,

       Petitioner,

    v.                                                    Case No. 06-14825

SECRETARY OF THE ARMY,

       Respondent.

_____/

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner is a Captain in the United States Army Reserves and currently subject
to a call to active service on October 26, 2006. After months of communication, through
his attorney,[1] with various Army representatives about the details of previous calls to
active service and his petition for outright discharge as a conscientious objector,
Petitioner has today filed his Motion for a Temporary Restraining Order ["TRO"]
pursuant to Fed. R. Civ. Pro. 65(b).

That Rule provides, in relevant part:

A [TRO] may be granted without written or oral notice to the adverse party . . .
*only if* (1) it clearly appears . . . that immediate and irreparable injury, loss, or
damage will result to the applicant before the adverse party or that party's
attorney can be heard in opposition, *and* (2) the applicant's attorney certifies to
the court in writing the efforts, if any, which have been made to give the notice
and the reasons supporting the claim that notice should not be required. Every
[TRO] granted without notice shall . . . define the injury and state why it is
irreparable and why the order was granted without notice.

Fed.R.Civ.P. 65(b) (emphasis added).

_____

[1] The same attorney, Mr. Louis P. Font of Brookline, Massachusetts, now
represents Petitioner in this action. Mr Font is not listed as a member of the bar of this
court, nor is there is any member of the bar of this court noted as local counsel. *See* E.
D. Mich. L. R. 83(2). It is accordingly open to question whether the instant pleadings are
properly filed or subject to being stricken.

The requirement of an explanation of the "reasons supporting the claim that notice should not be required" is there for a purpose. *See Reno Air Racing Ass'n., Inc. v. McCord* 452 F.3d 1126, 1131 (9th Cir. 2006) ("[C]ourts have recognized very few circumstances justifying the issuance of an *ex parte* TRO. For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.') (quoting *Am. Can Co. v. Mansukhani,* 742 F.2d 314, 322 (7th Cir.1984)).

The Supreme Court has taught that "[t]he stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423 (1974).

Here, although there are potentially persuasive allegations of irreparable harm in the event that Petitioner were required to report for duty, there is no specific argument that the sought order must issue *ex parte,* nor are there any "reasons supporting the claim that notice should not be required." The Petition is lacking and will be denied.

Notice must be given to the opposing parties and a rapid hearing date will be set by the court's case manager on the question of the issuance of a restraining order, writ of habeas corpus, or both.

IT IS ORDERED that the Petitioner's Motion for Temporary Restraining Order is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: October 25, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2006 and October 30, 2006, by electronic and/personsal service.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522